

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2009

# Thornglean Chanbunmy v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3136

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Thornglean Chanbunmy v. Comm Social Security" (2009). *2009 Decisions.* Paper 1674.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1674

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-3136

———————

THORNGLEAN CHANBUNMY,

Appellant

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 2-07-cv-03098)
District Judge:  J. Curtis Joyner

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2009
Before:  BARRY, WEIS and ROTH, Circuit Judges.
Filed: March 26, 2009

———————

OPINION

———————

WEIS, Circuit Judge.

Claimant Thornglen Chanbunmy applied for disability benefits under SSI in

2002.  In 2003, an administrative law judge ("ALJ") denied benefits.  After the Appeals

1

Council denied the claimant's request for review, the District Court remanded her application for rehearing in 2004. A second hearing in front of an ALJ occurred in 2005.

The claimant was 35 years of age at the time of the second hearing, having completed high school and one year of college. The ALJ found that she cares for her two daughters and maintains their home. She had no vocationally relevant work experience. The claimant complained of severe headaches, deep depression, and sinus pain. She has received outpatient medical attention at varying intervals and has been prescribed medications for her conditions.

The ALJ found that the claimant could perform simple, routine work. According to the ALJ, this work must be as self-paced as possible and not require teamwork or participation in an assembly line. Determining that such work exists in significant numbers in the national economy and that claimant could successfully adjust to employment thus defined, the ALJ concluded that claimant was not disabled under the Social Security Act.

Claimant appealed to the Appeals Council, which denied her request for review. In the District Court, a magistrate judge performed a thorough scrutiny of the record and recommended affirming the ALJ's decision. The District Court adopted the magistrate judge's recommendation and granted judgment to the Commissioner.

In this Court, claimant alleges that the ALJ erred by failing to adequately explain her rejection of medical opinion evidence and her assessment of the claimant's

2

residual functional capacity. Claimant also contends that the ALJ failed to include all of her functional limitations in the hypothetical posed to the vocational expert who testified.

We find no reversible error. The ALJ adequately explained her treatment of Dr. Phuong Ngoc Trinh's medical opinion evidence, the claimant's Global Assessment of Functioning scores, and her determination of the claimant's residual functional capacity. The hypothetical the ALJ posed to the vocational expert accurately portrayed the claimant's impairments. See Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 206 (3d Cir. 2008) ("hypotheticals posed [to a vocational expert] must 'accurately portray' the claimant's impairments" (quoting Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005))). As such, we conclude that the ALJ's decision was supported by substantial evidence and will, therefore, affirm the District Court's order entering judgment for defendant. See Rutherford, 399 F.3d at 552 ("[l]ike the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record").